**James Ronald JOHNSON, Petitioner— Appellant,**

v.

**A. LAMARQUE, Warden, Respondent— Appellee.**

No. 03–15972.

D.C. No. CV–02–00394–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2004.*

Decided Aug. 4, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Robert V. Vallandigham, Jr., Sausalito, CA, for Petitioner-Appellant.

Gregory A. Ott, Dorian Jung, AGCA-- Office of the California Attorney General (SF), San Francisco, CA, for Respondent-Appellee.

Before T.G. NELSON, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM**

James Johnson appeals the denial of his habeas petition challenging his California conviction. We may reverse the district court's denial of habeas relief only if California's decision to uphold his conviction was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).[1]

The California court's finding of no constitutional error in the use of California Jury Instruction 17.41.1 was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court. As we explain in *Brewer v. Hall*, 378 F.3d 952 (9th Cir.2004), filed concurrently with this decision, no Supreme Court case clearly establishes a constitutional problem with that jury instruction.

Nor did the California court act contrary to or unreasonably apply clearly established federal law when it found no constitutional error in the state's use of Johnson's pre-arrest silence as evidence. As Johnson acknowledges, no Supreme Court decision has addressed this issue and this court has held that "[t]he use of a defendant's pre-arrest, pre-*Miranda* silence is permissible as impeachment evidence and as evidence of substantive guilt." *United States v. Beckman*, 298 F.3d 788, 795 (9th Cir.2002).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. Because the facts are known to the parties, we do not recite them here.