**William NIBLE, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Respondent—Appellee.**

No. 04–16022.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Cliff Gardner, Esq., San Francisco, CA, for Petitioner–Appellant.

Mark Anthony Johnson, Esq., AGCA— Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM **

California state prisoner William Nible appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his three strikes conviction for resisting a park ranger. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Nible contends that his 25 years to life sentence for resisting a park ranger constitutes cruel and unusual punishment in violation of the 8th Amendment. This claim is foreclosed by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that a California state court's affirmance of two consecutive 25 years to life sentences for petty theft was not contrary to or an unreasonable application of federal law), and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (holding that 25 years to life sentence under California's three strikes law for theft did not violate the Eighth Amendment's prohibition on cruel and unusual punishment).

■ Nible also contends that the state trial court violated his due process rights when it gave CALJIC 17.41.1, which instructs members of the deliberating jury to report any juror who might be considering his or her power to nullify. As Nible now concedes, however, this claim is foreclosed by *Brewer v. Hall*, 378 F.3d 952, 957 (9th Cir.2004) (affirming district court's denial because there is no clearly established federal law holding that CALJIC 17.41.1 violates an existing constitutional right).

■ Nible's last contention is that the state trial court improperly relied on his 1986 burglary conviction in sentencing. Because this contention constitutes a collateral attack on a prior conviction for which Nible is no longer in custody, it is foreclosed by *Lackawanna v. Coss*, 532 U.S. 394, 396, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (holding that federal habeas relief is not available to a state prisoner who challenges his current sentence on the ground that it was enhanced based on an allegedly unconstitutional conviction for which the petitioner is no longer in custody).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

