**Daniel Morales CAMACHO,**
**Petitioner–Appellant,**

v.

**Harold CLARK, Director, Washington Department of Corrections, Respondent–Appellee.**

No. 06–35298.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

764

Daniel Morales Camacho, Florence, AZ, pro se.

Alex A. Kostin, Esq., AGWA–Office of the Washington Attorney General (Olympia) Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Daniel Morales Camacho, a Washington state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his jury convictions for first degree murder and attempted first degree murder. We have jurisdiction pursuant to 28 U.S.C. § § 1291 and 2253. We review de novo a district court's ruling on the merits of a habeas corpus petition, *Sandgathe v. Maass,* 314 F.3d 371, 376 (9th Cir.2002), and we affirm.

Camacho contends that the trial court violated his due process rights when it failed to instruct the jury on the lesser included offense of first degree manslaugh-

ter. His contention fails. First, Supreme Court precedent does not require a trial court to instruct the jury on a lesser included offense in a non-capital case, *Beck v. Alabama,* 447 U.S. 625, 638, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and we have concluded that such a claim is not cognizable on federal habeas review, *Solis v. Garcia,* 219 F.3d 922, 929 (9th Cir.2000). *See also* 28 U.S.C. § 2254(d)(1); *Brewer v. Hall,* 378 F.3d 952, 955 (9th Cir.2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law."). Moreover, even if we consider Camacho's claim as one that he was entitled to an instruction on his theory of the defense, he has not demonstrated that the requested instruction either was warranted by the evidence, *Solis,* 219 F.3d at 929, or that its omission had a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

To the extent Camacho's brief raises additional uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.