Gregory George VIVED, Petitioner–
Appellant,

v.

John MARSHAL, Warden,
Respondent–Appellee.

No. 05–56859.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2007.

Filed June 25, 2007.

Marilee Marshall, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Robert M. Snider, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: TROTT, ROTH *, and RAWLINSON and Circuit Judges.

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit,

## MEMORANDUM **

Gregory Vived was convicted of second degree murder and conspiracy to commit assault likely to produce great bodily injury ("assault GBI"). He seeks habeas relief on seven grounds. We affirm the district court's denial of his petition.

█ 1. Vived's first argument—that the trial court erred when it failed to *sua sponte* instruct the jury on the lesser charge of conspiracy to commit simple assault—is unpersuasive. Because there is no "clearly established" Supreme Court law that requires giving a lesser included offense instruction in a non-capital case, we cannot grant habeas relief. *See* 28 U.S.C. § 2254(d)(1). In any event, the lesser included offense instruction of simple assault was not supported by substantial evidence. *See People v. Breverman,* 19 Cal.4th 142, 162, 77 Cal.Rptr.2d 870, 960 P.2d 1094 (1998) (stating that a court has a duty to instruct *sua sponte* on a lesser included offense only if the offense is supported by substantial evidence).

█ 2. Vived argues that the trial court erred when it refused to give a pinpoint instruction provided by Vived on the natural and probable consequences doctrine. Vived's jury instruction misstated California law. Vived did not need to know that Rey was armed in order for the consequences of murder to flow to Vived. *See People v. Aguilar,* 16 Cal.4th 1023, 1028, 68 Cal.Rptr.2d 655, 945 P.2d 1204 (1997); *see also People v. Prettyman,* 14 Cal.4th 248, 267, 58 Cal.Rptr.2d 827, 926 P.2d 1013 (1996). Thus, Vived's lack of knowledge about Rey's knife was not a recognized defense under California law, and the trial court did not violate Vived's

due process rights by refusing his proposed instruction.

█ 3. Vived contends that the trial court erred when it instructed the jury that assault GBI could be committed with hands and fists. We disagree for two reasons. First, Vivid does not point to, nor can we find, any Supreme Court cases establishing that the instruction (or something similar to it) violates an existing constitutional right. *See* 28 U.S.C. § 2254(d)(1); *see also Brewer v. Hall,* 378 F.3d 952, 955–56 (9th Cir.2004). Second, the instruction did not misstate California law. *See Aguilar,* 16 Cal.4th at 1028, 68 Cal.Rptr.2d 655, 945 P.2d 1204 (stating that a fistfight may support a conviction for assault GBI).

█ 4. Vived's assertion that the trial court erred when it instructed the jury that it could not accept a verdict on the lesser offense of involuntary manslaughter unless the jury first decided to acquit Vived of murder fails for three reasons. First, Vivid does not point to, nor can we find, any Supreme Court cases establishing that the instruction (or something similar to it) violates an existing constitutional right. *See* 28 U.S.C. § 2254(d)(1); *see also Brewer,* 378 F.3d at 955–56. Second, contrary to Vived's contention, the instruction did not shift the burden of proof to the defendant. Third, the trial court instructed the jury that (1) it could consider the greater and lesser charges in any order before reaching the verdict, and (2) the burden of proof remained at all times with the government.

5. Vived argues that the prosecutor committed misconduct during closing arguments. Given the record before us, we cannot conclude that the prosecutor's

sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statements during closing arguments were improper or infected the trial with unfairness. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). The prosecutor did not manipulate the evidence; rather, she permissibly argued the government's case. *See People v. Woods,* 226 Cal.App.3d 1037, 1056, 277 Cal. Rptr. 269 (1991) ("The right of counsel to discuss the merits of a case, both as to the law and facts, is very wide, and he has the right to state fully his views as to what the evidence shows, and as to the conclusions to be fairly drawn therefrom.") (quoting *People v. Gaulden,* 36 Cal.App.3d 942, 958–59, 111 Cal.Rptr. 803 (1974)).

6. Vived's substantial evidence argument is unpersuasive. The state appellate court's application of the principles set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) was objectively reasonable. *See Sarausad v. Porter,* 479 F.3d 671, 677 (9th Cir.2007).

7. Vived unpersuasively argues that his counsel was ineffective, both at trial and during his appeal in state court. The arguments, jury instructions, and objections Vived now requests would have been futile. *See James v. Borg,* 24 F.3d 20, 27 (9th Cir.1994). Thus, Vived failed to show that his counsel's representation fell "below an objective standard of reasonableness." *See Strickland v. Washington,* 466 U.S. 668, 688–93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if his counsel was ineffective, Vived did not demonstrate that he was prejudiced. *Id.*

**AFFIRMED.**