**Frank M. ROZENSKI, Petitioner–Appellant,**

v.

**Jim HALL, Warden; et al., Respondents–Appellees.**

No. 06–16375.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

Frank M. Rozenski, Blythe, CA, pro se.

Alison Elle Aleman, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: LEAVY, THOMAS and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Frank M. Rozenski appeals pro se from the district

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment denying his 28 U.S.C. § 2254 petition, challenging his conviction for residential burglary in the first degree, assault with a deadly weapon and by means of force likely to produce great bodily injury, and violating a protective stay-away order issued in a domestic violence matter. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The motion to supplement the opening brief with the brief filed by attorney Catherine Argons during the state court proceedings is granted.

Rozenski alleges that trial counsel was ineffective by failing to present evidence of the victim's mental health history. Because this evidence was excluded by the trial court on the state's motion in limine, counsel's performance was not deficient. See Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

Additionally, Rozenski alleges that the prosecution failed to disclose exculpatory evidence. We reject this contention because Rozenski has not identified any relevant, material evidence that was not made known to him by the prosecution. See Strickler v. Greene, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Rozenski also contends that there was insufficient evidence to support the conviction. We reject this contention because a review of the record establishes that the evidence, viewed in the light most favorable to the prosecution, would allow a rational trier of fact to find Rozenski guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Finally, Rozenski contends that the trial court violated his rights by giving the jury

an erroneous jury instruction. We conclude that state court's decision that the jury instruction in question, CALJIC No. 17.41.1, did not violate Rozenski's rights was not contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d); Brewer v. Hall, 378 F.3d 952, 957 (9th Cir.2004).

We construe Rozenski's motion to dismiss a strike and his briefing of uncertified issues as a request to broaden the certificate of appealability. See 9th Cir. R. 22–1(e). So construed, the request is denied. See Hiivala v. Wood, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**