**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND LARRY CARRASCO, | No. 08-17381 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-02595-MCE-KJM |
| v. | |
| SCOTT KERNAN, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Larry Raymond Carrasco, a California state prisoner, appeals the district

court's denial of his petition for writ of habeas corpus. We affirm the judgment of

the district court.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Carrasco claims that his due process rights were violated because the trial judge failed to sua sponte order a hearing on his competency to stand trial. The Supreme Court has identified three factors that are relevant to whether there is reason for a trial judge to doubt a defendant's competency: prior medical opinions about competency, evidence of irrational behavior by the defendant, and the defendant's demeanor at trial. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Carrasco concedes that the record does not contain any evidence of the latter two factors, but argues that the testimony of his expert witness, a neuropsychologist who evaluated him shortly after his arrest, was sufficient to raise a "bona fide doubt" about his competency in the mind of the trial judge. *Pate v. Robinson*, 383 U.S. 375, 385 (1966) (citation omitted).

At most, the defense expert's testimony established that Carrasco's IQ score was between that of a mentally retarded person and a person of low average intelligence, and that Carrasco suffered frontal lobe damage as a result of a train accident in 1999. While the expert also testified that Carrasco performed poorly on a battery of neuropsychological tests, suggesting some cognitive impairment, the expert never offered an opinion that Carrasco lacked the capacity to stand trial, nor suggested that he was otherwise incompetent.

Perhaps more telling, Carrasco's counsel did not question his competency during the trial. *Medina v. California*, 505 U.S. 437, 450 (1992) ("[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense."). On this record, the trial judge had insufficient reason to doubt Carrasco's competency based solely on the testimony of his psychological expert.

Because the record of Carrasco's trial reveals no evidence of the indicia of incompetency identified by the Supreme Court in *Drope*, and because there is no clearly established federal law that the type of testimony given by Carrasco's expert, standing alone, is sufficient to raise a "bona fide doubt" about a defendant's competency, *Pate*, 383 U.S. at 385, we hold that the state court's determination that the evidence before the trial court was not sufficient to require a sua sponte inquiry into Carrasco's competency was neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

Carrasco's claim that his due process rights were violated when the trial judge admitted evidence of his past crimes is foreclosed by *Larson v. Palmateer*, 515 F.3d 1057, 1066 (9th Cir. 2008). There, we noted that the Supreme Court has expressly left open the question whether the admission of "past crimes" evidence constitutes a violation of due process. *Id*.

3

Carrasco's claim that his right to a unanimous jury under the Sixth and Fourteenth Amendments was violated when the trial judge instructed the jury with CALJIC 17.41.1, an antinullification instruction, is foreclosed by *Brewer v. Hall*, 378 F.3d 952, 957 (9th Cir. 2004). In *Brewer*, we denied federal habeas relief because there is no Supreme Court decision establishing that an instruction like CALJIC 17.41.1 violates a federal constitutional right.

**AFFIRMED.**