**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ORALEE ANDERSON-FRANCOIS, | No. 09-16238 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-00724-WHA |
| v. | |
| COUNTY OF SONOMA; et al., | MEMORANDUM[*] |
| Defendants, | |
| and | |
| BRAD CONNORS, | |
| Defendant - Appellant. | |
| ORALEE ANDERSON-FRANCOIS, | No. 09-16240 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-00724-WHA |
| v. | |
| COUNTY OF SONOMA and JERRY NEWMAN, | |
| Defendants - Appellants, | |
| and | |
| CITY OF SANTA ROSA; et al., | |
| Defendants. | |

Appeal from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.[**]

Oralee Anderson-Francois filed a § 1983 action against Sonoma County, California, the City of Santa Clara, and various local officials. She alleged that, in February 2006, the defendants—including Detective Brad Conners and a social worker, Jerry Newman—violated her right to familial association by removing her foster children from her home without a warrant. Conners and Newman challenge, on interlocutory appeal, the district court's summary judgment ruling that they were not entitled to qualified immunity. Sonoma County ("the County") also appeals the district court's denial of its summary judgment motion.

**Issue Preclusion**

Shortly after the children were removed, a California juvenile court conducting a detention hearing ruled that there was a sufficient basis for further detaining the children. Defendants contend that this state court ruling is preclusive, barring Anderson-Francois from pressing her constitutional claims in

[**] The Honorable Louis H. Pollak, Senior District Judge for the U.S. District Court for Eastern Pennsylvania, Philadelphia, sitting by designation.

federal court. However, even if the California statutes governing warrantless removal, Cal. Welf. & Inst. Code §§ 305(a), 306(a)(2), are deemed equivalent to the federal constitutional exigency requirement, the California statutes do not require the judge conducting a detention hearing to make an exigency determination, *see id.* §§ 315, 319,[1] and in the case at bar the judge conducting the detention hearing made no findings about the propriety of the warrantless removal. *See* Conners ER 321–22. Accordingly, the issue that Anderson-Francois seeks to litigate in federal court is not identical to any issue decided at the detention hearing. *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990) (issue preclusion only applies if, *inter alia*, "the issue sought to be precluded from relitigation [is] identical to that decided in a former proceeding"); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

**Qualified Immunity: Conners**

---

[1] Conners' reliance on *M.L. v. Superior Court* is misplaced. In *M.L.*, the juvenile court had made a finding, at the detention hearing, that sufficient exigency existed to justify a warrantless removal under § 306, and the appellate court reviewed that finding under federal constitutional standards. 172 Cal.App.4th 520, 526–27 (2009). But the juvenile court in this case did not address, nor did either party raise, § 306 compliance. Moreover, as noted above, the statutes governing detention hearings do not require an assessment of § 306.

3

We affirm the district court's ruling that Conners is not entitled to qualified immunity. At summary judgment, a qualified immunity analysis involves two inquiries: (1) whether the facts plaintiff has shown make out a constitutional violation; and, if so, (2) whether the right was clearly established at the time of the alleged misconduct. *See Pearson v. Callahan*, 129 S. Ct. 808, 815–16 (2009). Courts have discretion in deciding which of the two prongs to address first. *Id.* at 813.

"Parents and children have a well elaborated constitutional right to live together without governmental interference." *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000). "Officials . . . who remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). At the time Conners removed Anderson-Francois' children (February 2006), the right to be free from an unjustified warrantless removal was clearly established. *See id.* at 1297.

In this case, a jury could find that Conners, who could have obtained a warrant within a few hours, did not have reasonable cause to believe that the children were in imminent danger. Viewing the facts in the light most favorable to

Anderson-Francois, Conners knew that the investigation had been ongoing for over six weeks, that the evidence of abuse was contradicted, and that the most recent instance of confirmed abuse was several months prior to the removal date. Thus, because a jury could conclude that Conners violated a clearly established constitutional right, Conners is not entitled to qualified immunity.

**Qualified Immunity: Newman**[2]

We also affirm the district court's ruling that Newman is not entitled to qualified immunity. Anderson-Francois' evidence, if credited by a jury, could support a finding that Newman, as the primary investigator, had to be aware that, for the reasons described above, the facts elicited in the investigation did not suggest that the children would be in imminent danger if not removed from their homes within the few hours required to obtain a warrant. Moreover, the evidence viewed in the light most favorable to Anderson-Francois could support a finding that Newman not only provided input into the warrant question, but also made a

---

[2] Anderson-Francois contends that Newman waived his right to appeal because he did not argue in the district court that he was entitled to qualified immunity. But Newman did raise qualified immunity below, if only in passing. *See* Mot. for Summ. J. at 27, *Anderson-Francois v. Cnty. of Sonoma, et. al*, No. 08-00724 (N.D. Cal. May 22, 2009), ECF No. 56. Moreover, the district court appears to have ruled that neither Newman nor Conners was entitled to immunity. *See Anderson-Francois v. Cnty. of Sonoma*, 2009 U.S. Dist. LEXIS 44176, at *20 (N.D. Cal. May 22, 2009).

5

"joint" decision with Conners that warrantless removal was proper.

"[D]irect, personal participation is not necessary to establish liability for a constitutional violation" and a plaintiff need only show that it was "reasonably foreseeable that the actions of the . . . defendants would lead to the rights violations alleged to have occurred . . . ." *See Kwai Fun Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004). Here, a jury would have a basis for finding that it was reasonably foreseeable that Newman's input and participation in the removal decision would lead to a violation of Anderson-Francois' constitutional rights. Accordingly, and in light of the fact that the right was clearly established, Newman is not entitled to qualified immunity.

### *Monell* **Liability**

Anderson-Francois' claim against the County arises under *Monell v. Dep't of Soc. Services of N.Y.*, 436 U.S. 658 (1978). Anderson-Francois alleges that the County failed to give adequate training to its social workers with respect to the due process principles governing removal of children from a parental home, and thereby demonstrated deliberate indifference to Anderson-Francois' constitutional rights. The County appeals the district court's ruling that there was a triable issue

6

of fact on the *Monell* claim.[3]

"[T]he rule announced in *Mitchell v. Forsyth* [472 U.S. 511(1985)] that individual defendants can appeal from the denial of a motion for a summary judgment to obtain review of the merits of their qualified immunity defense does not empower a federal court to consider the denial of a municipality's motion for a summary judgment in a § 1983 action." *Huskey v. City of San Jose*, 204 F.3d 893, 902 (9th Cir. 2000); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 38 (1995). However, "pendent party appellate jurisdiction may be permissible under the 'inextricably intertwined' exception . . . ." *Huskey*, 204 F.3d at 904–05. "Only where essential to the resolution of properly appealed collateral orders should courts extend their . . . jurisdiction to rulings that would not otherwise qualify for expedited consideration." *Swint*, 514 U.S. at 51 (internal quotation marks

---

[3] The County's appeal does not address with specificity the adequacy of training issue. A joint appellate brief was filed on behalf of Newman and the County, and that brief simply argues that Anderson-Francois failed to present sufficient facts to demonstrate that Newman violated her constitutional rights, and thus that the *Monell* claim against the County should fail. *See* Newman Blue Br. 35–36. Because we find that Anderson-Francois' evidence could support a finding that Newman violated her consitutional rights, we must determine whether we have jurisdiction to address the substance of the *Monell* claim—i.e., the adequacy of the County's training program. Moreover, because we ultimately find we do not have jurisdiction to entertain the County's appeal, we need not reach the question whether the County, by virtue of its minimalist appellate briefing, has waived consideration of the training issue on this appeal.

omitted).

Because our resolution of Newman's qualified immunity appeal does not implicate the adequacy of the County's training program, we cannot entertain the County's appeal. *See Huskey*, 204 F.3d at 905–06 (pendent jurisdiction over *Monell* ruling not available where "ruling on the merits of the collateral qualified immunity appeal did not resolve all of the remaining issues presented" by *Monell* ruling). Accordingly, the County's appeal is dismissed for want of jurisdiction.

**AFFIRMED AND REMANDED.**