**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM C. BLACKFORD,

           Petitioner - Appellant,

   v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

           Respondent - Appellee.

No. 13-35079

D.C. No. 3:09-cv-00120-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted August 27, 2014
Seattle, Washington

Before: NOONAN, GRABER, and CHRISTEN, Circuit Judges.

    William C. Blackford appeals the district court's denial of his petition for a

writ of habeas corpus. Our review is de novo, *Babb v. Lozowsky*, 719 F.3d 1019,

1025-26 (9th Cir.), *cert. denied*, 134 S. Ct. 526 (2013), and 28 U.S.C. § 2253

confers our jurisdiction.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** As an initial matter, there is no procedural bar to our consideration of Blackford's ineffectiveness claim in its entirety. At all stages of state postconviction review, Blackford alleged that his trial counsel had been constitutionally ineffective for failing to inform him of the "consequences" of his guilty plea. Before the Oregon Court of Appeals in particular, Blackford's brief referred to several of the release conditions, explaining that trial counsel "did not tell [Blackford] that he would have to give up hunting, give up alcohol, and have no contact with minors." Blackford's ineffectiveness claim, therefore, was "fairly presented to the state courts." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (internal quotation marks omitted).

**2.** Blackford cannot show that the Oregon state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

At the time when the state postconviction trial court rendered its decision, the Supreme Court had not clearly established that *Strickland v. Washington*, 466 U.S. 668 (1984), even applies where counsel fails to inform his client of collateral consequences of conviction, such as sex offender registration and post-prison conditions. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) ("State-court

2

decisions are measured against [the Supreme] Court's precedents as of the time the state court renders its decision." (internal quotation marks omitted)). It was not until *Padilla v. Kentucky*, 559 U.S. 356, 365-66 (2010), decided more than three years after the state court's decision in this case, that the Court held for the first time that counsel could be constitutionally ineffective for failing to inform his client of a non-criminal consequence of conviction—there, deportation. *See Chaidez v. United States*, 133 S. Ct. 1103, 1111 (2013) (holding that the Court in *Padilla* "announced a 'new rule'"); *id.* at 1108 n.5 (noting that "sex offender registration" is "commonly viewed as collateral").

Blackford's claim fails for this reason alone. *See Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

Even if *Strickland* were to apply, Blackford's petition would fail under *Strickland*'s prejudice prong. *See Strickland*, 466 U.S. at 692 ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he

3

would have pleaded not guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Here, Blackford's overriding concern was avoiding the risk of "doing a decade or more in prison." Thus, the state court's finding that "the evidence shows that [Blackford] was making a difficult choice, but one that was rational under the circumstances," was not unreasonable, and Blackford's *Strickland* argument fails under the prejudice prong.

**AFFIRMED.**