**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAMITT DOUGHTON,

        Petitioner - Appellant,

   v.

FREDERIC FOULK,[*] Warden,

        Respondent - Appellee.

No. 13-16604

D.C. No. 2:11-cv-02252-JAM

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

   California state prisoner Camitt Doughton appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition.  We have

---

   [*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Frederic
Foulk is substituted for his predecessor, M.D. McDonald, as Warden.

   [**]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

   [***]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253.  We review a district court's denial of a habeas corpus petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

Doughton contends that the trial court's exclusion of impeachment evidence against a prosecution witnesses violated his Sixth Amendment confrontation rights. The Supreme Court "has never held that the Confrontation Clause entitles a criminal defendant to introduce *extrinsic evidence* for impeachment purposes." *Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (per curiam).  Accordingly, the California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.  *See* 28 U.S.C. § 2254(d)(1); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) ("If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law.").

**AFFIRMED.**