**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY KIM,<br><br>            Petitioner - Appellant,<br><br>v.<br><br>W. L. MONTGOMERY, Acting Warden,<br><br>            Respondent - Appellee. | No. 12-56894<br><br>D.C. No. 2:11-cv-02784-MMM-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 4, 2015[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Daniel Kim appeals the district court's denial of his habeas corpus petition,

in which he claimed his right to a fair trial by an impartial jury was violated

because a juror intentionally concealed during voir dire her son's conviction for a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

gang-related crime. We have jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of a habeas petition, *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

The district court did not err in rejecting Kim's actual bias claim. The "remedy for allegations of juror partiality is a hearing where the defendant has the opportunity to prove actual bias." *Smith v. Phillips*, 455 U.S. 209, 215 (1982); *see Fields v. Brown*, 503 F.3d 755, 773 (9th Cir. 2007) (en banc); *see also* 28 U.S.C. § 2254(d)(1). The trial court conducted such a hearing, and the state court's reliance on it was reasonable. *See* § 2254(d)(1). Moreover, the state court's decision was not an unreasonable determination of the facts. *See* § 2254(d)(2). The decision was based on the general lack of similarity between Kim's case and Juror 1's son's case, other than the gang connection, and Kim's failure to show that Juror 1 lied to be empaneled as a juror or was biased against gangs. This was reasonable given Juror 1's testimony in the post-trial hearing.

The district court also did not err in rejecting Kim's implied bias claim because there is no clearly established Supreme Court precedent regarding implied bias. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004); *see also Hedlund v. Ryan*, 750 F.3d 793, 808 (9th Cir.

2

2014). The state court could not have unreasonably applied clearly established Supreme Court precedent if no such precedent exists. *See Brewer*, 378 F.3d at 955.

For the first time on appeal, Kim argues that he is entitled to relief under *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984). Because Kim failed to raise the issue before the district court, the argument is waived. *See United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) ("[I]ssues not raised to the district court . . . are deemed waived.").

**AFFIRMED.**