**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOEL REYES-MAURO, | No.    16-35012 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-00802-SB |
| v. | |
| BRIGITTE AMSBERRY, Superintendent, EOCI, | MEMORANDUM * |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted March 6, 2017
Portland, Oregon

Before:  FISHER and FRIEDLAND, Circuit Judges, and MAHAN,** District
Judge.

Noel Reyes-Mauro, an Oregon state prisoner, appeals the district court's

order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Reyes-Mauro seeks federal habeas relief on the ground that the prosecution ran afoul of the Confrontation Clause at his criminal trial. The State concedes error; the remaining issue is thus whether that constitutional violation was harmless. *See Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015).

The Oregon Court of Appeals determined that the confrontation error was harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18 (1967), *State v. Reyes-Mauro*, 175 P.3d 998, 1002-04 (Or. Ct. App. 2007), *review denied*, 190 P.3d 380 (Or. 2008). Our review of that determination is circumscribed by the highly deferential standards that govern federal habeas review of state court determinations. *See Ayala*, 135 S. Ct. at 2198; *accord* 28 U.S.C. § 2254(d). Applying those standards, we may only grant habeas relief if the state court's "*harmlessness determination itself* was unreasonable." *Ayala*, 135 S. Ct. at 2199 (quoting *Fry v. Pliler*, 551 U.S. 112, 119 (2007)).

Reyes-Mauro argues that the Oregon Court of Appeals erred by considering as part of its harmlessness determination certain testimony he contends should have been excluded from that analysis as a "fruit" of the confrontation violation.[1]

---

[1] Although Reyes-Mauro did not present to the state courts the precise legal theory he now advances on federal habeas review, his claim is technically exhausted because no further state remedies are available. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). We decline to hold that Reyes-Mauro's claim is procedurally defaulted, however, because the State did not raise that affirmative defense in the district court and has not offered any explanation for its failure to do

The Supreme Court has not extended the fruit-of-the-poisonous-tree doctrine to that context.[2]  As such, the Oregon Court of Appeals' failure to apply that doctrine in the manner Reyes-Mauro advocates was not contrary to or an unreasonable application of clearly established federal law.  *See Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004).

Moreover, even if we disregard the testimony Reyes-Mauro objects to, the state court's harmlessness determination was not unreasonable.  The erroneously admitted statements identifying Reyes-Mauro as the perpetrator of the charged crimes were largely cumulative of (1) eyewitness descriptions of the robberies and the perpetrators, (2) testimony by Reyes-Mauro's ex-girlfriend implicating him in two of the three charged robberies, and (3) physical evidence linking Reyes-Mauro to all three crimes.  Given the other evidence presented by the prosecution, even if we set aside the testimony he challenges as a fruit of the confrontation error, we

---

so.  *See Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1233 (9th Cir. 2002).

[2] Reyes-Mauro contends otherwise, relying primarily on *Harrison v. United States*, 392 U.S. 219 (1968).  But *Harrison* held that a defendant's prior trial testimony, which resulted from the admission of a confession obtained in violation of the Fifth Amendment, was not admissible at trial.  *See id.* at 222-24.  Reyes-Mauro's claim involves (1) the testimony of a witness other than the defendant, (2) a Sixth Amendment confrontation violation, and (3) the post-conviction consideration of allegedly tainted evidence as part of the reviewing court's *Chapman* analysis.  Accordingly *Harrison* does not address the issue presented by Reyes-Mauro's petition.  *See id.* at 223 n.9 ("We have no occasion in this case to canvass the complex and varied problems that arise when the trial testimony of a *witness other than the accused* is challenged." (emphasis added)).

cannot conclude that Reyes-Mauro has met his burden of proving actual prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). *See Ayala*, 135 S. Ct. at 2198 (explaining that the *Brecht* test governs harmlessness analysis in a collateral proceeding).

**AFFIRMED.**