NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICKY MENDOZA,

        Petitioner-Appellant,

v.

WILLIAM SULLIVAN, Warden,

        Respondent-Appellee.

No. 22-15933

D.C. No. 3:18-cv-07160-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted March 11, 2024
San Francisco, California

Before: S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Petitioner Ricky Mendoza appeals the district court's order denying his 28

U.S.C. § 2254 habeas corpus petition challenging his conviction for first-degree

murder. Because the parties are familiar with the facts, we do not recount them

here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253,

and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The court reviews *de novo* the denial of a petition for writ of habeas corpus. *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs this appeal, we cannot grant habeas relief unless the state court proceedings resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d).

1.      Mendoza argues the California Court of Appeal unreasonably erred by concluding there was sufficient evidence to convict him of first-degree murder because no rational trier of fact could credit the testimony of purported accomplices Martin and Hellums. Evidence is sufficient under the Due Process Clause when, upon "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

"[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). The court "must presume" that the jury resolved conflicting inferences "in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The California Court of Appeal reasonably concluded, based on the testimony of

2

Hellums and Martin and other corroborating evidence, that the jury could have found Mendoza guilty beyond a reasonable doubt.

Mendoza nevertheless insists that the testimony of Martin and Hellums was insufficient to convict him because it was uncorroborated and "incredible, insubstantial, and inherently implausible." For support, Mendoza relies on the Ninth Circuit's rule that uncorroborated accomplice testimony is insufficient to support a conviction if it is "incredible or insubstantial on its face," *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000) (citation omitted), and the Supreme Court's statement in *Lilly v. Virginia* that accomplice confessions are "presumptively unreliable," 527 U.S. 116, 131 (1999) (citation omitted). But the Ninth Circuit precedent discussed in *Laboa* "does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "therefore cannot form the basis for habeas relief under AEDPA." *See Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam) (quoting § 2254(d)(1)). And *Lilly* concerns the implications under the Confrontation Clause of introducing out-of-court confessions by accomplices, not the sufficiency of in-court testimony by accomplices. *See Lilly*, 527 U.S. at 131.

We conclude the California Court of Appeal's rejection of Mendoza's *Jackson* challenge was not "objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (citation omitted).

3

2.  Mendoza argues that Martin's testimony was insufficiently corroborated under California Penal Code § 1111.[1]  Although this corroboration rule "is not required by the Constitution or federal law," Mendoza may show that he was deprived of his due process right to fundamental fairness if he establishes that the state court "*arbitrarily* deprive[d] [him] of a state law entitlement." *Laboa*, 224 F.3d at 979 (emphasis added) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)).

Mendoza was not arbitrarily deprived of a state law entitlement in violation of due process.  The California Court of Appeal examined the record evidence and concluded that Martin's testimony was adequately corroborated under § 1111.  In particular, the court recognized that Mendoza's presence at the party was corroborated by Hellums, who testified that Mendoza was with the Norteño group earlier in the day and entered the party with them.  It also noted that the text messages between Mendoza and his girlfriend strongly indicated that Mendoza was present when Navarro was killed.  Moreover, Martin's account was further corroborated by forensic evidence concerning where and how Navarro was shot, as well as expert ballistics testimony.

Although the California Court of Appeal did not expressly discuss federal

---

[1] California Penal Code § 1111 provides that a "conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense."

due process, we may presume it adjudicated Mendoza's due process claim on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011). By expressly addressing § 1111 and holding it was satisfied, the court could have reasonably determined that Mendoza received a fundamentally fair trial and was not arbitrarily deprived of a state law entitlement.

3. Mendoza argues he was deprived of due process and his rights under the Confrontation Clause because he was not permitted to cross-examine Martin sufficiently. "[T]rial judges retain wide latitude to impose reasonable limits" on cross-examination, and "[n]o Confrontation Clause violation occurs as long as the jury receives sufficient information to appraise the biases and motivations of the witness." *Fenenbock v. Dir. of Corr. for Cal.*, 692 F.3d 910, 919-20 (9th Cir. 2012) (citation omitted).

The California Court of Appeal reasonably concluded that Mendoza had an adequate opportunity to cross-examine Martin and probe his credibility and potential biases. For example, defense counsel elicited testimony on cross-examination that: (i) Martin was originally charged with murder and attempted murder in this case, and could have received a life sentence; (ii) after the first jury deadlocked, Martin agreed to plead guilty to an unspecified violent crime with a ten-year sentence and to testify in the retrial of Mendoza; and (iii) Martin had repeatedly lied to police when first questioned about the shooting. Further, the trial

court permitted defense counsel to read a stipulation that informed the jury that Martin had been identified as the shooter in a separate unrelated murder, and that he had been charged with that murder and several other serious crimes. Accordingly, we agree that the limits on Mendoza's cross-examination of Martin did not violate Mendoza's constitutional rights.[2]

4. Mendoza argues that he was deprived of due process because the trial court failed to correctly instruct the jury about accomplice testimony. "[An] erroneous jury instruction can rise to the level of constitutional error if it 'so infected the entire trial that the resulting conviction violates due process.'" *Brewer v. Hall*, 378 F.3d 952, 956 (9th Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 72 (1991)). "[T]he fact that [an] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle*, 502 U.S. at 71-72.

Here, no such "infect[ion]" that violated due process occurred. *Id.* at 72. California's rules regarding accomplice testimony, including California Penal Code § 1111, are not required by the Constitution or any holding of the Supreme Court. *See Laboa*, 224 F.3d at 979. Accordingly, Mendoza is not entitled to relief. *See Estelle*, 502 U.S. at 71-72.

5. Because we conclude that no constitutional errors occurred, there is

---

[2] Because federal review of habeas relief under § 2254(d) is limited to the state court record, *Shoop v. Twyford*, 596 U.S. 811, 819 (2022), Petitioner's motion for judicial notice (Dkt. 44) is DENIED.

no cumulative prejudice. *See Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible.").

**AFFIRMED.**