Kevin Lamont WILSON, Petitioner—Appellant,

v.

CALIFORNIA STATE ATTORNEY GENERAL; et al., Respondents—Appellees.

No. 03–55865.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Dec. 16, 2004.

Maria E. Stratton, Esq., Los Angeles, CA, for Petitioner–Appellant.

Peggie Bradford Tarwater, AGCA—Office Of The California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Kevin Lamont Wilson, a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus. Wilson contends that he was denied his Sixth Amendment right to an impartial jury at his trial when the state trial judge dismissed Juror No. 3, the lone holdout juror, during jury deliberations. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we reverse.

We review a district court's decision to deny a habeas petition *de novo.* *Leavitt v. Arave,* 383 F.3d 809, 815 (9th Cir.2004).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Wilson's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which permits a federal court to grant a writ of habeas corpus only where the state court's adjudication of the prisoner's claim: "(1) resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's factual findings are presumed to be correct in habeas proceedings and can only be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

We agree with Wilson that the state trial court's finding of good cause to dismiss Juror No. 3 was an unreasonable determination of fact. To protect a defendant's fundamental right to a jury trial, a trial judge must give careful consideration to the dismissal of a holdout juror because of the coercive effect such a dismissal can have on the verdict. *See Duncan v. Louisiana*, 391 U.S. 145, 153–56, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Brasfield v. United States*, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345 (1926); *Sanders v. Lamarque*, 357 F.3d 943, 944 (9th Cir.2004) (affirming grant of habeas petition under the AEDPA where state trial judge dismissed the lone holdout juror because "[r]emoval of a holdout juror is the ultimate form of coercion"); *cf. Perez v. Marshall*, 119 F.3d 1422 (9th Cir.1997) (affirming denial of habeas petition where state trial court dismissed holdout juror after taking significant pains to ensure that she was truly unable to continue deliberating).

There was no such consideration here. The trial judge accepted Juror No. 3's claims that she was unable to continue serving as a juror at face value, expending little to no effort to investigate her bare assertions of emotional instability. Moreover, the trial judge's actions suggest that the basis for his finding of good cause was not the juror's emotional condition; rather, the reason for his decision appears to have been the judge's desire to obtain a unanimous verdict. The judge polled the jury before making his finding of good cause, expressly stating that if Juror No. 3 confirmed a guilty verdict he would not dismiss her.

In light of the scant evidence supporting the trial judge's finding of good cause to dismiss Juror No. 3, we believe that finding was objectively unreasonable. We therefore reverse the decision of the district court and remand with instructions to grant the writ of habeas corpus.

**REVERSED** and **REMANDED.**