REINHARDT, Circuit Judge,
dissenting:
Tara Williams is in prison for life following her conviction of murder after a California state trial judge dismissed a lone holdout juror who favored acquittal, and the state appellate court affirmed that dismissal. The majority now affirms, holding that the state appellate court’s finding that the trial judge dismissed the holdout juror for being unwilling to follow the law was not subject to reversal under § 2254 of AEDPA.
*1010 There is one problem, however—the trial court did not dismiss Williams for being unwilling to follow the law. To the contrary, the trial court’s reasoning is plain: “I’m going to dismiss the juror, but not because he’s not deliberating and not became he’s not following the law” (emphasis added). Although the trial judge explicitly stated that he did not dismiss the juror for being unwilling to follow the law, and although there is no reason to doubt this statement, the state appellate court found the direct opposite—that the trial court dismissed the holdout juror for being unwilling to follow the law—and based its affirmance primarily on that finding. The appellate court’s finding was clearly “based on an unreasonable determination of the facts” and thus warrants reversal under AEDPA. 28 U.S.C. § 2254(d)(2).
Despite the clear factual error, the majority has been persuaded that it must deny relief. The majority analyzes testimony from various other jurors that it contends shows that the holdout juror was unwilling to follow the law. The trial court, however, clearly did not agree. Although it had the . benefit of hearing directly all of the evidence that the majority cites, it unequivocally refused to find that the holdout juror was unwilling to follow the law. That the trial court could have come to a different conclusion does not cure the state appellate court’s unreasonable finding as to the trial court’s reason for removing the holdout juror.
Recognizing the conflict between the state appellate and trial court’s findings, the majority contends that, under AEDPA, “the appellate court was entitled to make its own factual findings, unconstrained, by what the trial court did” and that “the fact that the state appellate court’s findings may have departed from those of the trial court is irrelevant.” In other words, the majority holds that, under AEDPA, it was not unreasonable for the appellate court to make the factual finding that the trial judge dismissed the holdout juror for being unwilling to follow the law, and we should therefore defer to the appellate court’s finding, contrary as it was to the trial judge’s unambiguous statement.
The majority is wrong. Although AED-PA, as interpreted by the Supreme Court, may create its own topsy-turvy world of constitutional reality, it does not go so far as to allow words to have the direct opposite meaning of what they are commonly understood to have and of the meaning that was clearly intended by the speaker. Here, the key word is “not”—that is, the trial judge explicitly stated that he was not removing the holdout juror because he was unwilling to follow the law. Contrary to what the state appellate court found, “not” simply does not mean its opposite—the affirmative. AEDPA, however puzzling it may be from a constitutional standpoint, does not transform judges into Humpty Dumpties; we cannot make a word “mean[ ] just what [we] choose it to mean....” Lewis Carroll, Alice in Wonderland and Through the Looking Glass 238 (1994), No matter how “very clever [a Court of Appeal may be] at explaining words,” id. at 239, there is simply no way an appellate court can reasonably find that the trial judge did what he clearly did not do.
The majority next contends that, under AEDPA, we owe deference to the factual findings of the state appellate court even when those findings directly contradict the trial court’s. That is not true, however, when the finding at issue is the trial court’s reason for dismissing a juror. Under the Sixth Amendment, the harm occurs when the judge violates the integrity of the jury by removing without good cause a holdout juror who favors acquittal. See Duncan v. Louisiana, 391 U.S. 145, 156, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) *1011 (stating that the Sixth Amendment was designed in part to protect the integrity of the jury against an abuse of power by a “compliant, biased, or eccentric judge”). Given that the factual question is why the trial court dismissed a juror, it is unreasonable for an appellate court to contradict the reason the trial court gave for that dismissal—unless there is cause to suspect that the trial court’s stated reason was pretextual. There is no cause for such suspicion here, and no judge, even the majority, has suggested that there is. Indeed, the trial court could not possibly have had an ulterior motive for disclaiming the one reason for dismissal that the Supreme Court has explicitly endorsed—a juror’s unwillingness to follow the law. See Maj. Opinion, supra, at 1009-10; see also Wainwright v. Witt, 469 U.S. 412, 424, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).
The practical implications of the majority’s decision to the contrary are truly remarkable. Under the majority’s theory, the trial judge could have announced to the entire courtroom that he was removing the juror because the juror was wrong to believe that the defendant was not guilty, and it still would not have mattered as long as the appellate court somehow found that such was not the reason for his doing so. This stretches the Sixth Amendment beyond all permissible bounds, even in AEDPA land.
In sum, the state appellate court found that the state trial court dismissed the holdout juror because he was unwilling, to follow the law even though the trial court expressly rejected that reason. That is an unreasonable finding of fact.
[[Image here]]
I, like the majority, “don’t approve of what the’trial court did in this case.” In our prior unanimous opinion [1] we analyzed each of the possible reasons for the trial judge’s removal of the holdout juror, and concluded that he did not have any constitutionally valid reason for his action. The Supreme Court reversed our decision, but not because it found anything wrong with our analysis. Rather, it ordered us not to analyze the trial court’s possible reasons de novo but to look at them through the deferential lens of AEDPA. Looking through that lens, however, does, not tell us whether a constitutional violation occurred but only whether a state court was unreasonable in deciding that it didn’t. Although under AEDPA we are. precluded from reversing a state court in the absence of an unreasonable factual finding or an unreasonable application of clearly established Supreme Court law, we are not prohibited, even in the absence of those circumstances, from recognizing that a constitutional violation occurred. We did so in our earlier opinion when we held that there was no valid reason for the judge’s •removal of the juror, and that analysis remains correct today.
The California trial judge’s dismissal of a holdout juror without cause is not an anomaly. As' recently as this August, the California Supreme Court unanimously reversed a trial judge who dismissed a holdout juror on the dubious theory that he “failed to deliberate.” People v. Armstrong, 1 Cal.5th 432, 205 Cal.Rptr.3d 518, 533-34, 376 P.3d 640, 653-54 (2016). In fact, in the last five years, California appellate courts have repeatedly reversed trial judges out of concern that the trial judge compromised the integrity of the jury by removing a holdout juror without good cause or pressuring a juror to change his view of thé evidence. See People v. Hughes, 2016 WL 298793 (Cal. Ct. App., *1012 Jan. 25, 2016); People v. Siegfried, 2015 WL 9260925 (Cal. Ct. App., December 17, 2015); People v. Salazar, 2015 WL 1417034 (Cal. Ct. App. Mar. 26, 2015); People v. Vasquez, 2013 WL 6154583 (Cal. Ct. App. Nov. 25, 2013); People v. Perez, 2013 WL 5779040 (Cal. Ct. App. Oct. 25, 2013); People v. Olmos, 2011 WL 5041962 (Cal. Ct. App. Oct. 25, 2011); People v. Barilo, 2011 WL 3242009 (Cal. Ct. App. July 29, 2011); People v. Villa, 2011 WL 1366482 (Cal. Ct. App. Apr. 12, 2011). Even under AEDPA’s extraordinarily deferential standard of review, this court also has found on a number of occasions over the past fifteen years that a California trial judge improperly coerced or removed a holdout juror. See, e.g., Sanders v. Lamarque, 357 F.3d 943, 950 (9th Cir. 2004); Smith v. Curry, 580 F.3d 1071, 1085 (9th Cir. 2009); Wilson v. California State Attorney General, 120 Fed.Appx. 658, 659 (9th Cir. 2004).
Notwithstanding the efforts of the state Supreme Court and many appellate courts, the continuing trend is troubling. Although the vast majority of California judges are fair and impartial, courts must not without good cause remove holdout jurors in the midst of deliberations. Even if a judge is convinced beyond all doubt that a defendant committed a crime, we have made the fundamental choice that a jury of the defendant’s peers, and that jury alone, retains the right to declare his guilt or innocence. This choice is meaningless, however, when a judge may frustrate the fundamental integrity of the jury system by removing without cause the lone holdout juror favoring acquittal. While trial judges have a legitimate concern about efficiency on the basis of their heavy dockets, such a concern must not override a defendant’s constitutional rights. I fear that is what occurred here and that our decision makes it more likely that it will happen again. For the foregoing reasons I respectfully dissent.

. Williams v. Cavazos, 646 F.3d 626 (9th Cir. 2011), rev'd sub nom. Johnson v. Williams, - U.S. -, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013).