**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARA SHENEVA WILLIAMS, *Petitioner-Appellant*, v. DEBORAH K. JOHNSON, Acting Warden of the Central California Women's Facility in Chowchilla, California, *Respondent-Appellee*. | No. 07-56127 D.C. No. CV-03-02691-GW ORDER |

On Remand From The United States Supreme Court

Filed July 3, 2013

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt, Circuit Judge, and Ronald M. Whyte, Senior District Judge.[*]

Order
Concurrence by Judge Reinhardt;
Concurrence by Chief Judge Kozinski

---

[*] The Honorable Ronald M. Whyte, Senior U.S. District Judge for the Northern District of California, sitting by designation.

**ORDER**

PER CURIAM:

In accordance with the Supreme Court's opinion of February 20, 2013 as well as the resulting judgment, and taking note of the denial of a petition for rehearing on April 15, 2013, the district court's denial of Williams's habeas petition is

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring:

I agree that we are likely required to deny Tara Williams's habeas petition. I write to provide the parties, to the extent possible, an explanation of why we hold that our authority to address this question has been foreclosed by the Supreme Court.

The Supreme Court's opinion, on its face, creates substantial uncertainty as to this court's duty on receiving the mandate on remand, and specifically whether it remains open for us to decide Williams's petition under the restrictive AEDPA standard of review—in short, to answer the question whether her conviction violated the Constitution. At the end of the introduction to the Supreme Court's opinion, it states that Williams's federal constitutional claim had been adjudicated on the merits in the state court, and therefore that the restrictive AEDPA standard of review applies to her habeas petition. It goes further, however, and states without explanation "that under that standard respondent is not

entitled to habeas relief." *Johnson v. Williams*, 133 S. Ct. 1088, 1091–92 (2013).

The last sentence of the introduction is the only mention in the entire opinion of whether or not Williams is entitled to habeas relief—that is, whether her conviction was unconstitutional. There is no discussion elsewhere as to why Williams does not merit such relief under AEDPA, and specifically whether the trial judge's actions in dismissing the lone holdout juror at Williams's trial violated the Sixth Amendment, or whether the trial judge made a clearly erroneous determination when he found that the juror was biased. But for the one sentence in the introduction, it would be fully consistent with the Court's opinion for us to address on remand the merits of Williams's claim under AEDPA's deferential standard of review, or, in other words, to determine whether she was entitled to relief under AEDPA—the question that the Court failed to discuss in the body of its opinion.

Notably, the conclusion to the Court's opinion omits any suggestion that our consideration of this question should be foreclosed. It states, "We think it exceedingly unlikely that the California Court of Appeal overlooked Williams's federal claim, and the Ninth Circuit's judgment to the contrary is reversed. The case is remanded for further proceedings consistent with this opinion." *Id.* at 1099. It is particularly difficult to reconcile the introduction and the conclusion because if, as the introduction states, Williams "is not entitled to habeas relief," then, contrary to the direction in the

conclusion, there would appear to be no "further proceedings" possible.[1]

Our duty on remand is even more unclear when the procedural context of the Court's opinion is considered. Our opinion had adjudicated Williams's petition for review under a *de novo* standard; we therefore had not considered the merits of Williams's habeas claim under the more restrictive AEDPA standard of review. The state's petition for certiorari had asked the Court to evaluate the merits, but the Court specifically declined to grant certiorari as to that question and thus limited its grant of certiorari to the question of the applicable standard of review—a fact that the Court itself noted in its opinion. *Id.* at 1094. The parties did not brief the merits of the case before the Court; specifically, they did not brief the appropriate result under the deferential AEDPA standard. Further, at oral argument, the Court deliberately declined to hear any discussion of the merits of Williams's case. When the topic arose, Justice Kennedy stated that the Court "probably shouldn't go there." Tr. of Oral Arg. at 19.[2]

Williams recognized the problem we discuss above, and asked the Court in a petition for rehearing to "clarify[] that on remand, she can continue to pursue habeas relief based on

---

[1] It is correct, however, that our judgment, relying on our holding that the state court did not decide the federal question, should, as the Court states, be reversed, in light of the Court's holding.

[2] Several justices stated that they found the trial judge's treatment of the case "very troublesome" or leaving them "deeply troubled." Tr. of Oral Arg. at 18–19, 21. I strongly share their view that the trial judge's actions abrogated a central tenet of the right to a trial by jury—the inviolate secrecy of jury deliberations—and deprived Williams of the fair trial to which she was entitled.

alternative grounds that the Ninth Circuit did not reach below, and on which th[e] Court declined to grant certiorari." In short, no party briefed, and the Court never considered, whether the trial court's error would survive the restrictive AEDPA standard of review. All the Court held was that AEDPA was the correct standard. Nevertheless, the Court refused to grant Williams's petition for rehearing, denying it without comment.

We are, of course, required to follow the mandate of the Supreme Court. We are also required to assume that the Court meant what it said in the introduction to its opinion, in which it appears to have denied Williams's habeas claim, and that it fully considered the petition for rehearing when it refused to reconsider its decision. Given the introduction to the Court's opinion, and particularly its denial of the petition for rehearing, I believe that we have no option but to conclude that the Court has deliberately precluded us from considering the merits of Williams's habeas petition under AEDPA. Accordingly, uncomfortable as I am with that result, I respectfully join my colleagues in denying Williams's petition.

---

Chief Judge KOZINSKI, concurring:

Like Judge Reinhardt, I'm troubled by the Supreme Court's treatment of Williams's Sixth Amendment claim. Our confidence in the correctness of a guilty verdict in a criminal case rests in large part on the fact that 12 individuals, fairly chosen, unanimously agree that the defendant is guilty. In Williams's case, there was a significant departure from this objective process. As

documented by the trial transcript, the Superior Court appears to have removed a juror because he was holding out for acquittal.

As several Justices noted at oral argument in the Supreme Court, such conduct by a trial judge is troubling. It cuts at the heart of our adversary system and casts doubt on the resulting verdict. If the trial judge may, during the course of deliberations, delve into the thought process of the jurors and remove those he disagrees with, our confidence in a unanimous verdict is necessarily diminished.

It's not clear to me that the trial judge's actions here complied with clearly established Supreme Court precedent, but I'm not sure, as we've never ruled on the issue. It's thus surprising that the Supreme Court should have done so, particularly when it declined to have the question briefed, and its opinion contains no analysis supporting its conclusion. But, I have no doubt that that's precisely what the Court did in its opinion, *Johnson* v. *Williams*, 133 S. Ct. 1088, 1091–92 (2013), and it stood by that holding when it denied the petition for rehearing.

I hope I'm wrong, but can see no other way to read the Court's actions. Deference to the judicial hierarchy leaves room for no other course of action on our part. But I take comfort in knowing that, if we are wrong, we can be summarily reversed.