Dissent by Judge REINHARDT
ORDER
The unopposed motion for leave to file an amicus brief is GRANTED. With this amendment the petition for rehearing and rehearing en banc is DENIED. Fed. R. App. P. 35. The conclusion of Judge Reinhardt’s dissenting opinion is amended as follows:
Op. at 1013, line 6: Add < As recently as this August, the California Supreme Court unanimously reversed a trial judge who dismissed a holdout juror on the dubious theory that he “failed to deliberate.” People v. Armstrong, 1 Cal.5th 432, 205 Cal.Rptr.3d 518, 533-34, 376 P.3d 640, 653-54 (2016). In fact, > immediately following the first sentence of the paragraph.
Op. at 1013, line 28: Change < This trend is troubling. > to < Notwithstanding the efforts of the state Supreme Court and many appellate courts, the continuing trend is troubling. >
*1006 OPINION
KOZINSKI, Circuit Judge:
During deliberations in the California murder trial of Tara Williams, the court dismissed a juror who was holding out for acquittal. An alternate juror was seated, and the jury convicted. We consider whether Williams is entitled to habeas relief on the ground that the dismissal of the holdout juror violated her Sixth Amendment rights.
FACTS AND PROCEDURAL HISTORY
In the fall of 1993, Williams drove two of her friends around Long Beach, casing stores for a potential robbery, Williams eventually stopped at a liquor store. While Williams and her infant son waited in the car, her two friends went inside, murdered the store owner and robbed the cash register of $6 and food stamps. Williams was later charged with felony murder.
After the jury retired, the foreman sent a note claiming that one juror had “expressed an intention to disregard the law.” Judge Richard R. Romero and counsel questioned Juror 6, who admitted he had discussed jury nullification and the severity of the charge during deliberations. Judge Romero then questioned the other jurors, many of whom reported that Juror 6 had exhibited an unwillingness to follow the law because he disagreed with the felony murder rule and with the principle of vicarious liability. After hearing brief arguments from each side, Judge Romero said: ‘‘I’m going to dismiss [Juror 6], but not because he’s not deliberating and not because he’s not following the law.” Although Judge Romero stated that Juror 6 was “dismissed without any question in my mind as a biased juror,” he also stated that “not following the law is not a basis for his dismissal.” Judge Romero found that Juror 6 was biased because he was dishonest, was concerned with the severity of the charge and was “addfing] his own words to the court’s instructions as to what the law is.” The judge then seated an alternate and the jury convicted the following day. Williams was sentenced to life in prison without the possibility of parole.
Williams argued on direct appeal that the dismissal of Juror 6 violated both her Sixth Amendment rights and the state statute governing juror dismissals. See Cal. Penal Code § 1089, The California Court of Appeal affirmed and the Supreme Court of California denied review. Williams unsuccessfully sought habeas relief in the California courts and eventually in federal district court.
We reversed. Williams v. Cavazos, 646 F.3d 626, 663 (9th Cir. 2011). Because the state appellate court had focused on the state statute and did not address the merits of Williams’s Sixth Amendment claim, we held that the federal claim had not been “adjudicated on the merits in State court” for the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). Id. at 636 (quoting 28 U.S.C. § 2254(d)). We therefore reviewed the federal claim de novo and held that the dismissal of Juror 6 violated Williams’s Sixth Amendment rights. Id. at 642-52.
The Supreme Court reversed, holding that, “[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits.” Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1096, 185 L.Ed.2d 105 (2013), The Court concluded that “the restrictive standard of review set out in § 2254(d)(2)”—not de novo review— “applies, and that under that standard [Williams] is not entitled to habeas relief.” Id. at 1092.
On remand, we entered a brief order affirming the district court’s denial of the habeas petition, as the Supreme Court had instructed. Williams u Johnson, 720 F.3d *1007 1212, 1212 (9th Cir. 2013) (per curiam). But see id. at 1212 (Reinhardt, J., concurring); id. at 1214 (Kozinski, C.J., concur-' ring). The Supreme Court vacated our order and instructed us to review the merits of Williams’s, Sixth.Amendment claim “under the standard set forth in 28 U.S.C. § 2254(d).” Williams v. Johnson, — U.S. -, 134 S.Ct. 2659, 2659, 189 L.Ed.2d 737 (2014) (per curiam). So here we are.
DISCUSSION
Under AEDPA, we may not grant habe-as relief unless the last reasoned opinion of the state courts[1] either “(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
Williams advances three Sixth Amendment theories, which we consider in turn.
I
Williams first argues that the‘trial court’s inquiry into potential juror bias violated the Sixth Amendment by imper-. missibly intruding on jury deliberations. Williams cites two Supreme Court cases holding that a trial judge may not' recall the jury from its deliberations to inquire about the nature and extent of its division. Brasfield v. United States, 272 U.S. 448, 449-50, 47 S.Ct. 135, 71 L.Ed. 345 (1926); Burton v. United States, 196 U.S. 283, 307-08, 25 S.Ct. 243, 49 L.Ed. 482 (1905). Neither case is on point. The trial court’s evidentiary hearing in this case focused on the issue of juror bias, not on the nature of the jury’s division. The Supreme Court has expressly endorsed the use of evidentiary hearings to ferret out juror bias. See Smith v. Phillips, 455 U.S. 209, 215, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). The process employed by the trial judge was not contrary to, nor an unreasonable application of, Supreme Court authority. See 28 U.S.C. § 2254(d)(1); see also Bell v. Uribe, 748 F.3d 857, 866-67 (9th Cir. 2014) (denying a similar claim for habeas relief).
II
Next, Williams argues that there is a reasonable probability that Juror 6 was excused because of his views as to guilt or innocence. Our previous opinion granted relief on this theory. Cavazos, 646 F.3d at 646-47. We relied on United States v. Symington, a Ninth Circuit casé holding that the dismissal of a juror violates the Sixth Amendment when it is “reasonably possible that the impetus for [the juror’s] dismissal came from her position on the merits of the case.” 195 F.3d 1080, 1088 (9th Cir.. 1999).
Because the Supreme Court has held that AEDPA governs this case, we may not rely on circuit precedent when adjudicating Williams’s federal claim. See Glebe v. Frost, — U.S. -, 135 S.Ct. 429, 431, 190 L.Ed.2d 317 (2014) (per cu-riam). Instead, we may grant relief only if the state court’s decision “was contrary to, of involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1) • (emphasis added). Williams has not cited any Supreme Court case imposing (or even hinting at) the Symington -rule. Nor are we aware of such a case. See Johnson v. Williams, 133 S.Ct. at 1098 (noting that *1008 Symington “do[es] not bind” the California courts “when [they] decide[ ] a federal constitutional question”). Williams is not entitled to habeas relief on this theory. See Brewer v. Hall, 378 F.3d 952, 957 (9th Cir. 2004) (holding that a habeas petitioner’s reliance on Symington was “misplaced” because “Symington is not a Supreme Court case” and because Symington⅛ analysis was based on the Federal Rules of Criminal Procedure rather than the Sixth Amendment).
Ill
Williams’s final argument is that the state appellate court unreasonably approved the dismissal of Juror 6 for bias.
Supreme Court case law in the area of juror bias is sparse. Although we know that biased jurors may be dismissed from deliberations without offending the Constitution, we don’t know precisely what it means for a juror to be biased. See United States v. Wood, 299 U.S. 123, 146, 57 S.Ct. 177, 81 L.Ed. 78 (1936) (noting that “the Constitution lays down no particular tests” for juror bias). However, we do know that a juror is biased if he is unwilling to follow the law. See Wainwright v. Witt, 469 U.S. 412, 423, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985) (noting that jurors lacking impartiality may be excused as biased and defining an impartial juror as one “who will conscientiously apply the law”); Irvin v. Dowd, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961) (defining an “impartial juror” as one who “can lay aside his impression or opinion and render a verdict based on the evidence”).
Williams argues that she is entitled to relief under 28 U.S.C. § 2254(d)(1) because the state appellate court unreasonably applied Supreme Court case law when it concluded that Juror 6 was biased without finding that Juror 6 would not follow the law. We reject Williams’s argument because the state appellate court did find that Juror 6 was biased because he would not follow the law. As Williams noted in her earlier briefing, “[t]he California Court of Appeal made three factual findings” in affirming the trial court’s decision that Juror 6 was biased. One of those findings was that, “[according to most of the jurors, Juror No. 6 had either explicitly said he would not follow the law or he had implied as much.”
The state appellate court’s finding that Juror 6 was biased because he would not follow the law was not “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2). During the evidentiary hearing, Jurors 2, 3, 5, 7, 8, 9,10 and 11 told Judge Romero that Juror 6 had expressed an unwillingness to follow the law. Jurors 3, 5, 10 and 11 said that Juror 6 was applying a burden of proof higher than “beyond a reasonable doubt” when analyzing the evidence. Considering these comments, it was not unreasonable for the state appellate court to find that Juror 6 was biased. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (AEDPA “demands that state-court decisions be given the benefit of the doubt”).[2]
*1009 Williams argues in her supplemental briefing that the state appellate court’s decision unreasonably determined the facts because it “overlooked” or contradicted several of Judge Romero’s statements. Williams notes that Judge Romero expressly declined to find that Juror 6 would not follow the law. She claims that the state appellate court “misunderstood the trial court’s ruling” and is therefore not entitled to AEDPA deference.
We do not review the state courts’ last reasoned decision to ensure that it is consistent with the findings of the lower state courts; rather, we review the last reasoned decision to determine whether it reasonably determined the facts “in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d)(2); see Uribe, 748 F.3d at 866 (denying habeas relief under section 2254(d)(2) because “the California Court of Appeal did not unreasonably interpret the facts presented in the state court proceeding when issuing its decision” on whether the removal of a juror violated the Sixth Amendment). AEDPA requires us to defer to state court findings made for the first time by the appellate court, cf. Sumner v. Mata, 449 U.S. 539, 547, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), even when such findings contravene those of the trial court. See Amado v. Gonzalez, 758 F.3d 1119, 1132-33 (9th Cir. 2014); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). The state appellate court was entitled to make its own factual findings, unconstrained by what the trial court did. Even if Judge Romero did not find that Juror 6 was unwilling to follow the law, the state appellate court did make such a finding. As we have already explained, that finding was reasonable. Thus, the fact that the state appellate court’s findings may have departed from those of the trial court is irrelevant.[3] Federal habe-as courts enforce reasonableness, not concordance.
[[Image here]]
We don’t approve of what the trial court did in this case. Our rule in Symington is preferable. But this is not a direct appeal, and we are not permitted to second-guess state-court judges because we might have reached a different result in the first instance. Given AEDPA’s preternaturally deferential standard of review, the district court’s order denying habeas relief must be AFFIRMED.

. As the Supreme Court has indicated, the last reasoned decision, of the state courts is the January 13, 2002 decision of the California Court of Appeal. Johnson, 133 S.Ct. at 1097-98; see Ylst v. Nunnemaker, 501 U.S. 797, 804, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

. The state appellate court also supported its finding of bias by noting that Judge Romero "was entitled to consider Juror No. 6’s demeanor while being examined, and could properly come to the conclusion that he had been dishonest.” Our previous opinion concluded on de novo review that the record did not support the finding that Juror 6 was dishonest. Cavazos, 646 F.3d at 651-52. We need not decide whether the state courts’ finding that Juror 6 was dishonest constitutes an unreasonable determination of the facts. Even if Juror 6 was honest, it was still reasonable for the state appellate court to conclude that he was unwilling to follow the law. That alone was a sufficient ground for finding Juror 6 biased. See supra pages 1010-11. Thus, the state appellate court's finding of bias is rea *1009 sonable when viewed in the context of "the record in total.” See Cook v. LaMarque, 593 F.3d 810, 826 (9th Cir. 2010).

. There may not be any meaningful difference between Judge Romero's statement that he was not dismissing Juror 6 "because he is not following the law,” and the state appellate court’s determination that Juror 6 "had either explicitly said he would not follow the law or he had implied as much.” Judge Romero’s list of reasons for concluding that Juror 6 was biased included Juror 6's concern or disagreement with the burden of proof, the severity of punishment and the felony murder rule, judge Romero appears to have concluded that, although Juror 6 hád not yet done so, he had a propensity to disregard the law where it conflicted with his opinions. The findings of the state trial and appellate courts can thus be read in harmony: Both courts could reasonably have concluded that, had Juror 6 been permitted to return to deliberations, he would not have followed the law.