**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARA SHENEVA WILLIAMS, *Petitioner-Appellant*, <br><br> v. <br><br> DEBORAH K. JOHNSON, Warden of the Central California Women's Facility in Chowchilla, *Respondent-Appellee.* | No. 07-56127 <br><br> D.C. No. CV-03-02691-GW <br><br> ORDER, OPINION AND AMENDED DISSENT |

On Remand from the United States Supreme Court

Filed May 27, 2016
Amended October 21, 2016

Before: Stephen Reinhardt and Alex Kozinski, Circuit Judges, and Ronald M. Whyte,[*] Senior District Judge.

Opinion by Judge Kozinski;
Dissent by Judge Reinhardt

---

[*] The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

On remand from the United States Supreme Court, the panel affirmed the district court's order denying habeas relief to Tara Williams, who asserted that the trial court's dismissal of a holdout juror during deliberations in her California murder trial violated her Sixth Amendment rights.

The panel reviewed the Sixth Amendment claim under the standard set forth in AEDPA.

The panel held that because the trial court's evidentiary hearing focused on the issue of juror bias, not on the nature of the jury's division, the process employed by the trial judge was not contrary to, nor an unreasonable application of, Supreme Court authority.

The panel held that Williams is not entitled to habeas relief on the theory that there is a reasonable probability the juror was excused because of his views as to guilt or innocence, where Williams has not cited any Supreme Court case imposing the rule set forth in *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999) – that the dismissal of a juror violates the Sixth Amendment when it is reasonably possible that the impetus for the juror's dismissal came from her position on the merits of the case – and the panel is unaware of such a Supreme Court case.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the state appellate court's finding that the juror was biased because he would not follow the law was not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The panel explained that the fact that the state appellate court's finding may have departed from those of the trial court is irrelevant.

Dissenting, Judge Reinhardt wrote that the state appellate court's finding that the trial court dismissed the holdout juror for being unwilling to follow the law was based on an unreasonable determination of the facts and thus warrants relief under AEDPA.

## COUNSEL

Kurt David Hermansen, Law Office of Kurt David Hermansen, San Diego, California, and Steven M. Klepper, Kramon & Graham, P.A., Baltimore, Maryland, for Petitioner-Appellant.

Kamala D. Harris, Attorney General of California, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Xiomara Costello and Stephanie C. Brenan, Deputy Attorneys General, Los Angeles, California, for Respondent-Appellee.

Robin E Wechkin, Sidley Austin LLP, Seattle, Washington; Timothy J. Simeone and John R. Grimm, Harris, Wiltshire & Grannis, LLP, Washington, D.C.; for Amicus Curiae National Association of Criminal Defense Lawyers.

John T. Philipsborn and Stephen K. Dunkle, Sacramento, California; Timothy J. Simeone, John R. Grimm, Harris,

Wiltshire & Grannis, LLP, Washington, D.C.; for Amicus
Curiae California Attorneys for Criminal Justice.

---

**ORDER**

The unopposed motion for leave to file an amicus brief is
**GRANTED**. With this amendment the petition for rehearing
and rehearing en banc is **DENIED**. Fed. R. App. P. 35. The
conclusion of Judge Reinhardt's dissenting opinion is
amended as follows:

> Slip op. at 16, line 6: Add <As recently as
> this August, the California Supreme Court
> unanimously reversed a trial judge who
> dismissed a holdout juror on the dubious
> theory that he "failed to deliberate." *People v.
> Armstrong*, No. S130659, 2016 WL 4238600,
> at *13 (Cal. Aug. 11, 2016). In fact,>
> immediately following the first sentence of
> the paragraph.

> Slip op. at 16, line 28: Change <This trend is
> troubling.> to <Notwithstanding the efforts of
> the state Supreme Court and many appellate
> courts, the continuing trend is troubling.>

**OPINION**

KOZINSKI, Circuit Judge:

During deliberations in the California murder trial of Tara Williams, the court dismissed a juror who was holding out for acquittal. An alternate juror was seated, and the jury convicted. We consider whether Williams is entitled to habeas relief on the ground that the dismissal of the holdout juror violated her Sixth Amendment rights.

**FACTS AND PROCEDURAL HISTORY**

In the fall of 1993, Williams drove two of her friends around Long Beach, casing stores for a potential robbery. Williams eventually stopped at a liquor store. While Williams and her infant son waited in the car, her two friends went inside, murdered the store owner and robbed the cash register of $6 and food stamps. Williams was later charged with felony murder.

After the jury retired, the foreman sent a note claiming that one juror had "expressed an intention to disregard the law." Judge Richard R. Romero and counsel questioned Juror 6, who admitted he had discussed jury nullification and the severity of the charge during deliberations. Judge Romero then questioned the other jurors, many of whom reported that Juror 6 had exhibited an unwillingness to follow the law because he disagreed with the felony murder rule and with the principle of vicarious liability. After hearing brief arguments from each side, Judge Romero said: "I'm going to dismiss [Juror 6], but not because he's not deliberating and not because he's not following the law." Although Judge Romero stated that Juror 6 was "dismissed without any

question in my mind as a biased juror," he also stated that "not following the law is not a basis for his dismissal." Judge Romero found that Juror 6 was biased because he was dishonest, was concerned with the severity of the charge and was "add[ing] his own words to the court's instructions as to what the law is." The judge then seated an alternate and the jury convicted the following day. Williams was sentenced to life in prison without the possibility of parole.

Williams argued on direct appeal that the dismissal of Juror 6 violated both her Sixth Amendment rights and the state statute governing juror dismissals. *See* Cal. Penal Code § 1089. The California Court of Appeal affirmed and the Supreme Court of California denied review. Williams unsuccessfully sought habeas relief in the California courts and eventually in federal district court.

We reversed. *Williams* v. *Cavazos*, 646 F.3d 626, 653 (9th Cir. 2011). Because the state appellate court had focused on the state statute and did not address the merits of Williams's Sixth Amendment claim, we held that the federal claim had not been "adjudicated on the merits in State court" for the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Id.* at 636 (quoting 28 U.S.C. § 2254(d)). We therefore reviewed the federal claim de novo and held that the dismissal of Juror 6 violated Williams's Sixth Amendment rights. *Id.* at 642–52.

The Supreme Court reversed, holding that, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits." *Johnson* v. *Williams*, 133 S. Ct. 1088, 1096 (2013). The Court concluded that "the restrictive standard of review set out in § 2254(d)(2)"—not de

novo review—"applies, and that under that standard [Williams] is not entitled to habeas relief." *Id.* at 1092.

On remand, we entered a brief order affirming the district court's denial of the habeas petition, as the Supreme Court had instructed. *Williams* v. *Johnson*, 720 F.3d 1212, 1212 (9th Cir. 2013) (per curiam). *But see id.* at 1212 (Reinhardt, J., concurring); *id.* at 1214 (Kozinski, C.J., concurring). The Supreme Court vacated our order and instructed us to review the merits of Williams's Sixth Amendment claim "under the standard set forth in 28 U.S.C. § 2254(d)." *Williams* v. *Johnson*, 134 S. Ct. 2659, 2659 (2014) (per curiam). So here we are.

## DISCUSSION

Under AEDPA, we may not grant habeas relief unless the last reasoned opinion of the state courts[1] either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Williams advances three Sixth Amendment theories, which we consider in turn.

---

[1] As the Supreme Court has indicated, the last reasoned decision of the state courts is the January 13, 2002 decision of the California Court of Appeal. *Johnson*, 133 S. Ct. at 1097–98; *see Ylst* v. *Nunnemaker*, 501 U.S. 797, 804 (1991).

**I**

Williams first argues that the trial court's inquiry into potential juror bias violated the Sixth Amendment by impermissibly intruding on jury deliberations. Williams cites two Supreme Court cases holding that a trial judge may not recall the jury from its deliberations to inquire about the nature and extent of its division. *Brasfield* v. *United States*, 272 U.S. 448, 449–50 (1926); *Burton* v. *United States*, 196 U.S. 283, 307–08 (1905). Neither case is on point. The trial court's evidentiary hearing in this case focused on the issue of juror bias, not on the nature of the jury's division. The Supreme Court has expressly endorsed the use of evidentiary hearings to ferret out juror bias. *See Smith* v. *Phillips*, 455 U.S. 209, 215 (1982). The process employed by the trial judge was not contrary to, nor an unreasonable application of, Supreme Court authority. *See* 28 U.S.C. § 2254(d)(1); *see also Bell* v. *Uribe*, 748 F.3d 857, 866–67 (9th Cir. 2014) (denying a similar claim for habeas relief).

**II**

Next, Williams argues that there is a reasonable probability that Juror 6 was excused because of his views as to guilt or innocence. Our previous opinion granted relief on this theory. *Cavazos*, 646 F.3d at 646–47. We relied on *United States* v. *Symington*, a Ninth Circuit case holding that the dismissal of a juror violates the Sixth Amendment when it is "reasonably possible that the impetus for [the juror's] dismissal came from her position on the merits of the case." 195 F.3d 1080, 1088 (9th Cir. 1999).

Because the Supreme Court has held that AEDPA governs this case, we may not rely on circuit precedent when

adjudicating Williams's federal claim. *See Glebe* v. *Frost*, 135 S. Ct. 429, 431 (2014) (per curiam). Instead, we may grant relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, *as determined by the Supreme Court of the United States*." 28 U.S.C. § 2254(d)(1) (emphasis added). Williams has not cited any Supreme Court case imposing (or even hinting at) the *Symington* rule. Nor are we aware of such a case. *See Johnson* v. *Williams*, 133 S. Ct. at 1098 (noting that *Symington* "do[es] not bind" the California courts "when [they] decide[] a federal constitutional question"). Williams is not entitled to habeas relief on this theory. *See Brewer* v. *Hall*, 378 F.3d 952, 957 (9th Cir. 2004) (holding that a habeas petitioner's reliance on *Symington* was "misplaced" because "*Symington* is not a Supreme Court case" and because *Symington*'s analysis was based on the Federal Rules of Criminal Procedure rather than the Sixth Amendment).

## III

Williams's final argument is that the state appellate court unreasonably approved the dismissal of Juror 6 for bias.

Supreme Court case law in the area of juror bias is sparse. Although we know that biased jurors may be dismissed from deliberations without offending the Constitution, we don't know precisely what it means for a juror to be biased. *See United States* v. *Wood*, 299 U.S. 123, 146 (1936) (noting that "the Constitution lays down no particular tests" for juror bias). However, we do know that a juror is biased if he is unwilling to follow the law. *See Wainwright* v. *Witt*, 469 U.S. 412, 423 (1985) (noting that jurors lacking impartiality may be excused as biased and defining an

impartial juror as one "who will conscientiously apply the law"); *Irvin* v. *Dowd*, 366 U.S. 717, 723 (1961) (defining an "impartial juror" as one who "can lay aside his impression or opinion and render a verdict based on the evidence").

Williams argues that she is entitled to relief under 28 U.S.C. § 2254(d)(1) because the state appellate court unreasonably applied Supreme Court case law when it concluded that Juror 6 was biased without finding that Juror 6 would not follow the law. We reject Williams's argument because the state appellate court *did* find that Juror 6 was biased because he would not follow the law. As Williams noted in her earlier briefing, "[t]he California Court of Appeal made three factual findings" in affirming the trial court's decision that Juror 6 was biased. One of those findings was that, "[a]ccording to most of the jurors, Juror No. 6 had either explicitly said he would not follow the law or he had implied as much."

The state appellate court's finding that Juror 6 was biased because he would not follow the law was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). During the evidentiary hearing, Jurors 2, 3, 5, 7, 8, 9, 10 and 11 told Judge Romero that Juror 6 had expressed an unwillingness to follow the law. Jurors 3, 5, 10 and 11 said that Juror 6 was applying a burden of proof higher than "beyond a reasonable doubt" when analyzing the evidence. Considering these comments, it was not unreasonable for the state appellate court to find that Juror 6 was biased. *See Woodford* v. *Visciotti*, 537 U.S. 19, 24

(2002) (per curiam) (AEDPA "demands that state-court decisions be given the benefit of the doubt").**[2]**

Williams argues in her supplemental briefing that the state appellate court's decision unreasonably determined the facts because it "overlooked" or contradicted several of Judge Romero's statements. Williams notes that Judge Romero expressly declined to find that Juror 6 would not follow the law. She claims that the state appellate court "misunderstood the trial court's ruling" and is therefore not entitled to AEDPA deference.

We do not review the state courts' last reasoned decision to ensure that it is consistent with the findings of the lower state courts; rather, we review the last reasoned decision to determine whether it reasonably determined the facts "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see Uribe*, 748 F.3d at 866 (denying habeas relief under section 2254(d)(2) because "the California Court of Appeal did not unreasonably interpret the facts presented in the state court proceeding when issuing its decision" on whether the removal of a juror violated the Sixth

---

**[2]** The state appellate court also supported its finding of bias by noting that Judge Romero "was entitled to consider Juror No. 6's demeanor while being examined, and could properly come to the conclusion that he had been dishonest." Our previous opinion concluded on de novo review that the record did not support the finding that Juror 6 was dishonest. *Cavazos*, 646 F.3d at 651–52. We need not decide whether the state courts' finding that Juror 6 was dishonest constitutes an unreasonable determination of the facts. Even if Juror 6 was honest, it was still reasonable for the state appellate court to conclude that he was unwilling to follow the law. That alone was a sufficient ground for finding Juror 6 biased. *See supra* pages 10–11. Thus, the state appellate court's finding of bias is reasonable when viewed in the context of "the record in total." *See Cook* v. *LaMarque*, 593 F.3d 810, 826 (9th Cir. 2010).

Amendment). AEDPA requires us to defer to state court findings made for the first time by the appellate court, *cf. Sumner* v. *Mata*, 449 U.S. 539, 547 (1981), even when such findings contravene those of the trial court. *See Amado* v. *Gonzalez*, 758 F.3d 1119, 1132–33 (9th Cir. 2014); *Dickerson* v. *Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996). The state appellate court was entitled to make its own factual findings, unconstrained by what the trial court did. Even if Judge Romero did not find that Juror 6 was unwilling to follow the law, the state appellate court *did* make such a finding. As we have already explained, that finding was reasonable. Thus, the fact that the state appellate court's findings may have departed from those of the trial court is irrelevant.[3] Federal habeas courts enforce reasonableness, not concordance.

\*          \*          \*

We don't approve of what the trial court did in this case. Our rule in *Symington* is preferable. But this is not a direct appeal, and we are not permitted to second-guess state-court judges because we might have reached a different result in the first instance. Given AEDPA's preternaturally deferential

---

[3] There may not be any meaningful difference between Judge Romero's statement that he was not dismissing Juror 6 "because he is not following the law," and the state appellate court's determination that Juror 6 "had either explicitly said he would not follow the law or he had implied as much." Judge Romero's list of reasons for concluding that Juror 6 was biased included Juror 6's concern or disagreement with the burden of proof, the severity of punishment and the felony murder rule. Judge Romero appears to have concluded that, although Juror 6 had not yet done so, he had a propensity to disregard the law where it conflicted with his opinions. The findings of the state trial and appellate courts can thus be read in harmony: Both courts could reasonably have concluded that, had Juror 6 been permitted to return to deliberations, he would not have followed the law.

standard of review, the district court's order denying habeas relief must be **AFFIRMED**.

---

REINHARDT, Circuit Judge, dissenting:

Tara Williams is in prison for life following her conviction of murder after a California state trial judge dismissed a lone holdout juror who favored acquittal, and the state appellate court affirmed that dismissal. The majority now affirms, holding that the state appellate court's finding that the trial judge dismissed the holdout juror for being unwilling to follow the law was not subject to reversal under § 2254 of AEDPA.

There is one problem, however—the trial court did not dismiss Williams for being unwilling to follow the law. To the contrary, the trial court's reasoning is plain: "I'm going to dismiss the juror, but not because he's not deliberating and *not because he's not following the law*" (emphasis added). Although the trial judge explicitly stated that he did not dismiss the juror for being unwilling to follow the law, and although there is no reason to doubt this statement, the state appellate court found the direct opposite—that the trial court dismissed the holdout juror for being unwilling to follow the law—and based its affirmance primarily on that finding. The appellate court's finding was clearly "based on an unreasonable determination of the facts" and thus warrants reversal under AEDPA. 28 U.S.C. § 2254(d)(2).

Despite the clear factual error, the majority has been persuaded that it must deny relief. The majority analyzes testimony from various other jurors that it contends shows

that the holdout juror was unwilling to follow the law. The trial court, however, clearly did not agree. Although it had the benefit of hearing directly all of the evidence that the majority cites, it unequivocally refused to find that the holdout juror was unwilling to follow the law. That the trial court could have come to a different conclusion does not cure the state appellate court's unreasonable finding as to the trial court's reason for removing the holdout juror.

Recognizing the conflict between the state appellate and trial court's findings, the majority contends that, under AEDPA, "the appellate court was entitled to make its own factual findings, unconstrained by what the trial court did" and that "the fact that the state appellate court's findings may have departed from those of the trial court is irrelevant." In other words, the majority holds that, under AEDPA, it was not unreasonable for the appellate court to make the factual finding that the trial judge dismissed the holdout juror for being unwilling to follow the law, and we should therefore defer to the appellate court's finding, contrary as it was to the trial judge's unambiguous statement.

The majority is wrong. Although AEDPA, as interpreted by the Supreme Court, may create its own topsy-turvy world of constitutional reality, it does not go so far as to allow words to have the direct opposite meaning of what they are commonly understood to have and of the meaning that was clearly intended by the speaker. Here, the key word is "not"—that is, the trial judge explicitly stated that he was *not* removing the holdout juror because he was unwilling to follow the law. Contrary to what the state appellate court found, "not" simply does not mean its opposite—the affirmative. AEDPA, however puzzling it may be from a constitutional standpoint, does not transform judges into

Humpty Dumpties; we cannot make a word "mean[] just what [we] choose it to mean . . . ." Lewis Carroll, *Alice in Wonderland and Through the Looking Glass* 238 (1994). No matter how "very clever [a Court of Appeal may be] at explaining words," *id.* at 239, there is simply no way an appellate court can reasonably find that the trial judge did what he clearly did *not* do.

The majority next contends that, under AEDPA, we owe deference to the factual findings of the state appellate court even when those findings directly contradict the trial court's. That is not true, however, when the finding at issue is the trial court's reason for dismissing a juror. Under the Sixth Amendment, the harm occurs when the judge violates the integrity of the jury by removing without good cause a holdout juror who favors acquittal. *See Duncan v. Louisiana*, 391 U.S. 145, 156 (1968) (stating that the Sixth Amendment was designed in part to protect the integrity of the jury against an abuse of power by a "compliant, biased, or eccentric judge"). Given that the factual question is *why the trial court dismissed a juror*, it is unreasonable for an appellate court to contradict the reason the trial court gave for that dismissal—unless there is cause to suspect that the trial court's stated reason was pretextual. There is no cause for such suspicion here, and no judge, even the majority, has suggested that there is. Indeed, the trial court could not possibly have had an ulterior motive for disclaiming the one reason for dismissal that the Supreme Court has explicitly endorsed—a juror's unwillingness to follow the law. *See* Maj. Opinion, *supra*, at 9–10; *see also Wainwright v. Witt*, 469 U.S. 412, 424 (1985).

The practical implications of the majority's decision to the contrary are truly remarkable. Under the majority's

theory, the trial judge could have announced to the entire courtroom that he was removing the juror because the juror was wrong to believe that the defendant was not guilty, and it still would not have mattered as long as the appellate court somehow found that such was not the reason for his doing so. This stretches the Sixth Amendment beyond all permissible bounds, even in AEDPA land.

In sum, the state appellate court found that the state trial court dismissed the holdout juror because he was unwilling to follow the law even though the trial court expressly rejected that reason. That is an unreasonable finding of fact.

* * *

I, like the majority, "don't approve of what the trial court did in this case." In our prior unanimous opinion[1], we analyzed each of the possible reasons for the trial judge's removal of the holdout juror, and concluded that he did not have any constitutionally valid reason for his action. The Supreme Court reversed our decision, but not because it found anything wrong with our analysis. Rather, it ordered us not to analyze the trial court's possible reasons *de novo* but to look at them through the deferential lens of AEDPA. Looking through that lens, however, does not tell us whether a constitutional violation occurred but only whether a state court was unreasonable in deciding that it didn't. Although under AEDPA we are precluded from reversing a state court in the absence of an unreasonable factual finding or an unreasonable application of clearly established Supreme Court law, we are not prohibited, even in the absence of those

---

[1] *Williams v. Cavazos*, 646 F.3d 626 (9th Cir. 2011), *rev'd sub nom. Johnson v. Williams*, 133 S. Ct. 1088 (2013).

circumstances, from recognizing that a constitutional violation occurred.  We did so in our earlier opinion when we held that there was no valid reason for the judge's removal of the juror, and that analysis remains correct today.

The California trial judge's dismissal of a holdout juror without cause is not an anomaly.  As recently as this August, the California Supreme Court unanimously reversed a trial judge who dismissed a holdout juror on the dubious theory that he "failed to deliberate." *People v. Armstrong*, No. S130659, 2016 WL 4238600, at *13 (Cal. Aug. 11, 2016).  In fact, in the last five years, California appellate courts have repeatedly reversed trial judges out of concern that the trial judge compromised the integrity of the jury by removing a holdout juror without good cause or pressuring a juror to change his view of the evidence.  *See People v. Hughes*, 2016 WL 298793 (Cal. Ct. App., Jan. 25, 2016); *People v. Siegfried*, 2015 WL 9260925 (Cal. Ct. App., December 17, 2015); *People v. Salazar*, 2015 WL 1417034 (Cal. Ct. App. Mar. 26, 2015); *People v. Vasquez*, 2013 WL 6154583 (Cal. Ct. App. Nov. 25, 2013); *People v. Perez*, 2013 WL 5779040 (Cal. Ct. App. Oct. 25, 2013); *People v. Olmos*, 2011 WL 5041962 (Cal. Ct. App. Oct. 25, 2011); *People v. Barilo*, 2011 WL 3242009 (Cal. Ct. App. July 29, 2011); *People v. Villa*, 2011 WL 1366482 (Cal. Ct. App. Apr. 12, 2011).  Even under AEDPA's extraordinarily deferential standard of review, this court also has found on a number of occasions over the past fifteen years that a California trial judge improperly coerced or removed a holdout juror.  *See, e.g.*, *Sanders v. Lamarque*, 357 F.3d 943, 950 (9th Cir. 2004); *Smith v. Curry*, 580 F.3d 1071, 1085 (9th Cir. 2009); *Wilson v. California State Attorney General*, 120 Fed. App'x 658, 659 (9th Cir. 2004).

Notwithstanding the efforts of the state Supreme Court and many appellate courts, the continuing trend is troubling. Although the vast majority of California judges are fair and impartial, courts must not without good cause remove holdout jurors in the midst of deliberations. Even if a judge is convinced beyond all doubt that a defendant committed a crime, we have made the fundamental choice that a jury of the defendant's peers, and that jury alone, retains the right to declare his guilt or innocence. This choice is meaningless, however, when a judge may frustrate the fundamental integrity of the jury system by removing without cause the lone holdout juror favoring acquittal. While trial judges have a legitimate concern about efficiency on the basis of their heavy dockets, such a concern must not override a defendant's constitutional rights. I fear that is what occurred here and that our decision makes it more likely that it will happen again.

For the foregoing reasons I respectfully dissent.