**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE EDWARD PEYTON, | No. 20-56185 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-09249-VAP-KK |
| v. | |
| THERESA CISNEROS, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted December 16, 2022[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

California state prisoner Lee Edward Peyton appeals pro se from the district

court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253.  We review de novo, *see Rowland v. Chappell*, 876 F.3d 1174, 1180–81 (9th Cir. 2017), and we affirm.[1]

The district court correctly concluded that the state court decision at issue was neither "contrary to, or involved an unreasonable application of, clearly established  Federal law, as determined by the Supreme Court of the United States" or "resulted  in a decision that was based on an unreasonable determination of the facts in light  of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

Peyton contends that the state court's denial of his requests for self-representation violated his rights under *Faretta v. California*, 422 U.S. 806 (1975), because his requests were knowing and intelligent, unequivocal, and timely.  The California Court of Appeal's decision, which did not incorporate the trial court's basis for denying Peyton's *Faretta* requests, is the last reasoned state-court

---

[1] Peyton's motion to waive oral argument is **GRANTED.**

decision resolving this claim, and therefore the only one we review.[2] *See Barker v. Fleming*, 423 F.3d 1085, 1091–93 (9th Cir. 2005).

After independently reviewing the record, the appellate court concluded, inter alia, that Peyton's purpose in invoking his right to self-representation was to disrupt or delay proceedings. That conclusion was neither contrary to, nor an unreasonable application of, *Faretta*, nor an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Hirschfield v. Payne*, 420 F.3d 922, 926 (9th Cir. 2005) (holding that a requirement imposed by state courts "that the request not be for the purpose of delay" is not contrary to, nor an unreasonable application of, *Faretta*).

**AFFIRMED.**

---

[2] The record belies Peyton's assertion that the state appellate court improperly applied harmless error review; instead, it simply relied on a different basis to conclude that no constitutional error had occurred. *See Williams v. Johnson*, 840 F.3d 1006, 1011 (9th Cir. 2016) ("The state appellate court was entitled to make its own factual findings, unconstrained by what the trial court did."). Further, contrary to Peyton's contention, the appellate court's analysis was not improper under *Frantz v. Hazey*, 533 F.3d 724, 737–38 (9th Cir. 2008), or *Van Lynn v. Farmon*, 347 F.3d 735, 741 (9th Cir. 2003). Those cases address whether federal courts can supply alternative reasons from those proffered by a state court when affirming a denial of relief under § 2254(d)(1). They are therefore inapposite.