NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL EDUARDO CASILLAS, <br><br> Petitioner-Appellant, <br><br> v. <br><br> NEIL MCDOWELL, Warden, <br><br> Respondent-Appellee. | No.   21-55726 <br><br> D.C. No. <br> 2:19-cv-06381-DMG-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted March 27, 2024[**]
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Abel Eduardo Casillas appeals a district court order denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. Casillas argues that a California state

trial court violated his Sixth Amendment rights by dismissing a lone holdout juror

during deliberations. The state maintains that the juror was properly dismissed

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because she "was refusing to deliberate, had refused to deliberate since day one of the deliberations, and was relying on improper personal experiences and biases against law enforcement officers which she had deliberately concealed during voir dire." We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

"We review de novo the district court's decision to grant or deny a petition for writ of habeas corpus." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003). At the same time, this court's review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a federal court may grant a writ of habeas corpus only if the state court adjudication (1) "was contrary to clearly established federal law as determined by the Supreme Court," (2) "involved an unreasonable application of such law," or (3) "was based on an unreasonable determination of the facts in light of the record before the state court." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018).

Here, Casillas fails to cite to any Supreme Court case squarely holding that it violates the Sixth Amendment to dismiss a holdout juror where there is a "reasonable possibility" that the juror's views of the merits of the case provided the impetus for her removal. Casillas cites *United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999), but that is a Ninth Circuit opinion and thus cannot stand in as "clearly established federal law" for purposes of the AEDPA. *See Williams v. Johnson*, 840 F.3d 1006, 1009-10 (9th Cir. 2016) (recognizing that the rule announced in

2

*Symington* is not clearly established federal law for purposes of the AEDPA and was based on the Federal Rules of Criminal Procedure rather than the Sixth Amendment).

Additionally, the record reasonably supports the state's position—as articulated by the California Court of Appeal—that the juror at issue was dismissed not because of her views on the merits of the case, but because she "was refusing to deliberate, had refused to deliberate since day one of the deliberations, and was relying on improper personal experiences and biases against law enforcement officers which she had deliberately concealed during voir dire." *See* Cal. Penal Code § 1089 (stating a juror may be discharged upon "good cause shown"); *Perez v. Marshall*, 119 F.3d 1422, 1426 (9th Cir. 1997) (noting a state court's finding regarding a juror's ability to serve is entitled to "special deference" on federal habeas review).

The day after the case was given to the jury, the foreperson sent out a note asking to speak with the judge about a juror she felt "withheld important information during the voir dire." When asked for an explanation, the foreperson told the judge that the juror in question had shared with other jurors that she has a son who is incarcerated, and that she would "refuse to believe anything that is police testimony." Moreover, the foreperson told the judge that the juror "was refusing to deliberate and would not state a basis for her views" other than to "continually" say that she knew "what the police are like" and "how they treated [her] son." When

3

other jurors made lists of evidence to discuss, the juror in question "would not even look at them."

Although the details provided by other jurors varied somewhat, the brunt of their accounts largely echoed the foreperson's statement that the juror in question refused to participate in deliberations. Indeed, when the trial court asked each juror individually whether any of them were not deliberating, every other juror present identified the juror at issue in this appeal. *See Perez*, 119 F.3d at 1427 (recognizing the trial court "was in a superior position" to observe a juror's "appearance and demeanor" and thereby "determine her ability to continue deliberating"). We thus conclude the state decision was not based on an unreasonable determination of the facts.

**AFFIRMED.**